**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PHOTON INTERACTIVE SERVICES, INC.** | §<br>§<br>§ | |
| *Plaintiff*, | §<br>§<br>§ | |
| **v.** | §<br>§ | **Civil Action No. _____** |
| **DEEPAK SHARMA** | §<br>§<br>§ | |
| *Defendant.* | §<br>§<br>§ | |

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Deepak Sharma ("Defendant" or "Mr. Sharma") hereby removes the civil action styled *Photon Interactive Services, Inc. v. Deepak Sharma*, Cause No. CC-26-04511-E, pending in County Court at Law No. 5 of Dallas County, Texas (the "State Court Action") to the United States District Court for the Northern District of Texas, Dallas Division. This case is properly removable because the removal is timely, the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the Parties.

**A.      <u>Defendant's Notice of Removal is Timely.</u>**

1.      On June 5, 2026, Plaintiff Photon Interactive Services, Inc. ("Plaintiff" or "Photon") initiated this lawsuit by filing its Original Petition in the State Court Action, alleging claims for breach of contract, breach of fiduciary duty, money had and received, and declaratory judgment. *See generally* Ex. C-1, Petition.

2.      Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within thirty days after a defendant receives a copy of the initial pleading, through service or otherwise, setting forth the claim(s) for relief upon which the plaintiff's action or proceeding is based. Defendant was

<u>NOTICE OF REMOVAL</u>                                                                                            **PAGE 1**

served with the Original Petition on June 18, 2026. This Notice of Removal is therefore timely.

**B.      This Court Has Diversity Jurisdiction Pursuant to 18 U.S.C. § 1332(a).**

3.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant.

4.      Plaintiff has explicitly alleged damages of at least $100,000.[1] *See* Ex. C-1, Pet. ¶ 29.

5.      Complete diversity of citizenship exists between the parties.

a.      As a corporation, Plaintiff is a citizen of the state(s) in which it is incorporated and has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Because Plaintiff is incorporated in Nevada and maintains its principal place of business in Texas, Plaintiff is a citizen of Nevada and Texas. *See* Ex. C-1, Pet. ¶ 2.

b.      As an individual, Defendant is citizen of the state where he establishes his domicile. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).  Because Defendant has established his domicile in California, Defendant is a citizen of California.  *See* Ex. E, Decl. of Deepak Sharma; *see also* Ex. C-1, Pet. ¶ 3.

Because Plaintiff (a Nevada/Texas citizen) and Defendant (a California citizen) do not share a common state of citizenship, there is complete diversity of citizenship between the Parties.

**C.      Venue is Proper in this Court.**

6.      Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Northern District of Texas because the State Court Action is pending in Dallas County, Texas. *See* 28 U.S.C. § 1441(a).

---

[1] However, Defendant denies that Plaintiff is entitled to recover any damages on the merits of its claims.

**D.**     **Defendant Has Complied with the Applicable Statutes and Rules Governing Removal.**

7.      Defendant has complied fully with 28 U.S.C. § 1441, et seq., the applicable Federal Rules of Civil Procedure, and the Local Rules for the Northern District of Texas.

8.      Pursuant to Local Rule 81.1, Defendant has provided a completed civil cover sheet and supplemental cover sheet to the clerk for filing and has attached the following documents to this Notice of Removal:

| | |
|---|---|
| Ex. A | Index of Documents Filed in the State Court Action |
| Ex. B | Copy of the Docket Sheet in the State Court Action |
| Ex. C-1 to C-3 | Each Document Filed in the State Court Action |
| Ex. D | Certificate of Interested Persons |

9.      Defendant has tendered to the Clerk of the United States District Court for the Northern District of Texas the appropriate filing fee along with this Notice of Removal.

10.      Promptly after filing this Notice of Removal, Defendant shall give written notice of the removal to Plaintiff and to the Clerk of County Court of Law No. 5, Dallas County, Texas, as required by 28 U.S.C. § 1446(d).

11.      Defendant hereby gives notice that the State Court Action is removed to the United States District Court for the Northern District of Texas, Dallas Division.

## PRAYER

Defendant respectfully requests that further proceedings in the State Court Action be discontinued and that Cause No. CC-26-04511-E pending in County Court at Law No. 5 of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division as provided by law.

Date: July 13, 2026

Respectfully submitted,

*/s/Ann Marie Arcadi*
Ann Marie Arcadi
Texas Bar No. 00786994
annmarie.arcadi@arcadijackson.com
Megan Whisler
Texas Bar No. 24079565
megan.whisler@arcadijackson.com

**ARCADI JACKSON, LLP**
2911 Turtle Creek Blvd., Suite 1100
Dallas, Texas 75219
T. 214.865.6458
F. 214.865.6522

**ATTORNEYS FOR DEEPAK SHARMA**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument has been served upon Plaintiff's counsel on this 13th day of July 2026 pursuant to the Federal Rules of Civil Procedure.

Daniel O. Barham
Practus LLP
PO Box 217
Arrington, TN 37014
dan.barham@practus.com

VIA ELECTRONIC MAIL AND
USPS CERTIFIED MAIL

*/s/Ann Marie Arcadi*
Ann Marie Arcadi

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PHOTON INTERACTIVE SERVICES, INC.** | § § § | |
| *Plaintiff,* | § § § | |
| **v.** | § § | **Civil Action No. _____** |
| **DEEPAK SHARMA** | § § § | |
| *Defendant.* | § § § | |

## INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION

1. Ex. C-1 (2026.06.05 - Plaintiff's Original Complaint)

2. Ex. C-2 (2026.06.09 - Citation Issued to Deepak Sharma)

3. Ex. C-3 (2026.06.23 Return of Service to Deepak Sharma)

# EXHIBIT B

## Case Information

CC-26-04511-E | PHOTON INTERACTIVE SERVICES, INC vs. DEEPAK SHARMA

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| CC-26-04511-E | County Court at Law No. 5 | TAYLOR, NICOLE |
| File Date | Case Type | Case Status |
| 06/05/2026 | DEBT/CONTRACT | OPEN |

## Party

PLAINTIFF
PHOTON INTERACTIVE SERVICES, INC

Active Attorneys ▾
  Pro Se

DEFENDANT
SHARMA, DEEPAK

## Events and Hearings

06/05/2026 NEW CASE FILED (OCA)

06/05/2026 ORIGINAL PETITION ▾

PLAINTIFF'S ORIGINAL PETITION

06/09/2026 ISSUE CITATION ▾

ISSUE CITATION

Comment
E-SERVE ENV# 115919244

06/09/2026 CITATION (SERVICE)▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method

06/23/2026 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
DEEPAK SHARMA

## Financial

PHOTON INTERACTIVE SERVICES, INC

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $359.00 |
| | Total Payments and Credits | | | $359.00 |
| 6/8/2026 | Transaction Assessment | | | $359.00 |
| 6/8/2026 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2026-06778 | PHOTON INTERACTIVE SERVICES, INC | ($222.00) |
| 6/8/2026 | STATE CREDIT | | | ($137.00) |

## Documents

PLAINTIFF'S ORIGINAL PETITION

ISSUE CITATION

RETURN OF SERVICE

# EXHIBIT C

# EXHIBIT C-1

FILED
6/5/2026 1:48 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. __CC-26-04511-E__

| | |
|---|---|
| **PHOTON INTERACTIVE SERVICES, INC.** | **IN THE COUNTY COURT OF** |
|      **Plaintiff,** | |
| | **DALLAS COUNTY, TEXAS** |
| **VS.** | |
| **DEEPAK SHARMA** | |
|      **Defendant.** | **_____ CIVIL COURT AT LAW** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Photon Interactive Services, Inc. (hereinafter sometimes referred to as "Plaintiff" or "Photon"), and files this original petition against Defendant Deepak Sharma (hereinafter sometimes referred to as "Defendant" or "Sharma") and for cause(s) of action would show the following.

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Texas Rule of Civil Procedure 190.3 (Level 2) unless the Court orders otherwise.

### II. PARTIES

2. **Plaintiff Photon Interactive Services, Inc.** ("Photon") is a Nevada corporation duly registered as a Foreign For-Profit Corporation with the Texas Secretary of State with its principal place of business in Dallas County, Texas.

3. **Defendant Deepak Sharma** ("Sharma") is an individual and may be served at 423 Nicholas Drive, Mountain View, California 94043, or wherever he may be found.

## III. JURISDICTION AND VENUE

4.  The Court has subject-matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional limits of this Court and is within its maximum limits.

5.  Venue is proper in Dallas County, Texas because (a) Photon's principal place of business is located in Dallas County; (b) the parties agreed to exclusive Dallas County, Texas venue for disputes arising from or related to Sharma's employment; and (c) the operative decisions concerning the disputed payment were made in Texas.

## IV. FACTUAL BACKGROUND

*A. Employment Relationship*

6.  Photon initially employed Sharma as the Senior Vice President – Strategy Consulting & Pre Sales/Customer Success pursuant to a written employment agreement governed by Texas law and selecting Dallas County courts for venue. A true and accurate copy of the signed employment agreement is attached as **Exhibit A.**

7.  Sharma was later promoted to an officer of Photon serving as the Chief Client Strategy Officer).

8.  In Sharma's initial role he reported directly to the Chief Technology Officer, was an agent of Photon, and had the authority to act on behalf of Photon and bind the company. Eventually, as the Chief Client Strategy Officer he ran an entire business unit at Photon (Client Strategy), had power to make decisions, supervise departments/employees, control budgets, and access and manage confidential information/trade secrets.

9.  Sharma served as Chief Client Strategy Officer through his remaining duration of employment with Photon.

10. Sharma acknowledged at-will employment and agreed to devote his full-time efforts to Photon. Sharma also acknowledged Photon's likely need for a transition period to transition Sharma's responsibilities to a successor.

11. At all times during his employment, Sharma was a vital and integral part of Photon's executive leadership team and became a member of its "C-suite" as an officer of Photon.

12. The written employment agreement does not govern the retention bonus that is the subject of this action, but its venue and jurisdiction provisions govern this action as the facts and claims *relate to* Sharma's employment.

13. Photon and Sharma held a special relationship of trust and confidence beyond the ordinary employer–employee dynamic, and Photon substantially relied on Sharma personally (not just as any senior employee) for guidance and placed extraordinary trust in him as an officer and beyond normal corporate roles.

14. Sharma, at all times relevant to this Petition, owed special or fiduciary duties to Photon including the duties of loyalty and care.

*B. The Retention Bonus Offer and Acceptance*

15. On April 30, 2025, Photon—through its executives—offered Sharma a **$100,000 executive retention bonus** in the context of discussions expressly focused on stabilizing leadership and retaining senior executives and officers during a critical business period.

16. The bonus was offered **in exchange for Sharma's continued service** as an officer of Photon and acceptance of Photon's **trust** that Sharma would remain an active, contributing member of senior C-suite leadership. Photon made clear that the payment reflected retention objectives rather than compensation for past services alone.

17. Photon's decision to pay the retention bonus was expressly conditioned on Sharma's continued leadership and availability as an officer of Photon to oversee strategy and key customer relationships during a critical period; Sharma knew these facts and that Photon would not pay a retention bonus if he intended to resign imminently. His undisclosed, contemporaneous intent to depart was a material fact he was obligated to disclose before accepting the payment.

18. Sharma accepted the bonus and the benefit of immediate payment, acknowledging the trust placed in him by Photon, knowing Photon's purpose was to retain him, and that Photon would not have made the payment absent that understanding.

19. Other executives were offered and received similar retention bonuses. These other executives understood the retention bonuses to be conditioned on their continued employment. One such executive who departed the company has returned his retention bonus.

*C. The Company's Legal Expenditures in Defense of Sharma*

20. Photon and Sharma were named as defendants in an employment discrimination case filed in December 2025 in the Circuit Court of the State of Oregon, County of Multnomah, in which the therein plaintiff asserts employment discrimination and harassment.

21. Photon has expended money for Sharma's defense thereof and Sharma enjoyed the benefit of the same.

*D. Sharma's Departure and Refusal to Repay*

22. Shortly after accepting and receiving the $100,000 payment, Sharma resigned from Photon on or about September 19, 2025. Sharma's resignation was unexpected by Photon.

23. Because Sharma was an officer agent with control over key strategy and customer relationships of Photon, he owed duties of loyalty, full disclosure, and to refrain from self-dealing. By concealing imminent departure while leveraging his position to obtain a retention payment intended for continued leadership and later failing to return the payment upon demand, he breached those duties.

24. Sharma has refused to return the $100,000, despite Photon's demands and despite knowing, as did other executives, that the payment was tendered to secure continued service.

25. By resigning shortly after accepting the retention bonus and retaining the funds, Sharma deprived Photon of the benefit of its bargain and unjustly retained corporate funds tendered for a specific retention purpose.

## V. CAUSES OF ACTION

### COUNT I – Breach of Contract (Unilateral Contract)

26. Photon re-alleges the factual averments in the foregoing paragraphs.

27. Photon offered Sharma a retention bonus conditioned on continued employment. Acceptance of the payment—coupled with continued service—constituted performance under a unilateral contract.

28. Sharma accepted the benefit but failed to perform the bargained-for condition of continued service, thereby breaching the unilateral contract.

29. As a direct and proximate result, Photon suffered damages of at least $100,000, plus interest.

### COUNT II – Breach of Fiduciary Duty

30. Photon re-alleges the factual averments of the foregoing paragraphs.

31. By virtue of Sharma's position as a senior executive and C-suite officer, Sharma owed Plaintiff duties and fiduciary duties as a matter of law, including without limitation the duties of loyalty, utmost good faith, and candor.

32. This fiduciary relationship required Sharma to place the interests of Photon above his own and to disclose any information or conflicts that would be material to Photon's business decisions, including decisions regarding executive compensation and retention payments.

33. At the time Sharma accepted the retention payment, he **failed to disclose** his intent to resign or his lack of intent to remain with Photon for any meaningful period, rendering his acceptance of the payment misleading and deceptive.

34. By accepting a retention payment and then resigning shortly thereafter while retaining the funds, Sharma acted to frustrate Photon's reasonable, contract-based expectations and deprived Photon of the benefit of its bargain.

35. On information and belief, at the time Defendant accepted and retained the bonus, he was covertly engaged in a course of conduct that constituted a breach of his fiduciary duties, specifically, but without limitation, planning his departure and/or preparing to or actually disclosing trade secrets or confidential information he was obliged to protect in the interests of Photon.

36. Defendant's failure to disclose his intent to the above-referenced conduct while simultaneously accepting a bonus predicated on "implicit trust" and continued service constitutes a breach of the duty of loyalty and the duty of candor.

37. Defendant's wrongful retention of the bonus under the circumstances, including without limitation his non-disclosure and disloyalty, has resulted in the unjust enrichment of Defendant at the expense of Plaintiff.

38. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff has suffered damages in the amount of the bonus paid, and other damages to be proven at trial, for which Plaintiff now seeks a judgment for actual damages.

39. Furthermore, because Defendant's breach was clear and serious, Plaintiff is entitled to the equitable remedy of forfeiture, requiring Defendant to return the entirety of the bonus regardless of whether Plaintiff can prove specific pecuniary loss.

40. Plaintiff further requests the imposition of a constructive trust upon the bonus funds, or any assets into which those funds may be traced, to prevent Defendant from benefiting from his breach of trust.

41. By accepting a retention payment premised on continued leadership and then promptly resigning while retaining the funds, Sharma breached his fiduciary duties of loyalty and good faith owed to Photon by (a) placing his personal financial interest ahead of Photon's interests, (b) misusing corporate trust and confidence to obtain and retain a corporate benefit for a purpose contrary to Photon's retention objective, and (c) failing to deal fairly and honestly with Photon in connection with the retention bonus.

42. Sharma's conduct deprived Photon of the benefit of its bargain and resulted in the wrongful retention of $100,000 of Photon's funds .

43. As a direct and proximate result of Sharma's breach of fiduciary duty, Photon has suffered damages, including but not limited to the $100,000 retention payment, together with [pre- and post-judgment interest to be determined], and has incurred additional consequential losses all in an amount to be proven at trial.

COUNT III – *Money Had and Received*

44. Photon re-alleges the factual averments of the foregoing paragraphs.

45. Sharma knowingly accepted and retained a $100,000 payment made for a retention purpose, while electing not to confer the bargained-for benefit.

46. Sharma's retention of these funds is unjust and inequitable under the circumstances, and restitution is required to avoid unjust enrichment.

47. Sharma holds money that, in equity and good conscience, belongs to Photon.

48. Photon seeks recovery of the $100,000 under the equitable doctrine of money had and received.

## COUNT IV – *Declaratory Judgment*

49. Photon re-alleges the factual averments of the foregoing paragraphs.

50. An actual controversy exists regarding the parties' rights and obligations concerning the $100,000 payment.

51. Photon seeks a declaration that Sharma is obligated to repay the retention bonus and that his retention of the funds is unlawful.

## VI. DAMAGES

52. Photon re-alleges the factual averments and the damages claimed in the foregoing paragraphs.

53. Photon complains of Defendant and prays Defendant be cited to appear and answer and, on the final trial of the merits, Photon recovers from Defendant the following:

54. Photon would show that all of the above-mentioned acts, taken together or singularly, constitute the damages sustained by Photon.

55. Photon seeks actual damages to be proven at trial of at least $100,000, pre- and post-judgment interest, costs of court, attorneys' fees and all other relief to which it is entitled.

## VII. ATTORNEYS' FEES

56. Photon seeks recovery of reasonable attorneys' fees and costs under applicable Texas law.

## VIII. CONDITIONS PRECEDENT

57. All conditions precedent to Plaintiff's claims have been performed, have occurred, or have been waived.

## IX. NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

58. Pursuant to Texas Rules of Civil Procedure 193.7, Plaintiff hereby gives notice that Plaintiff intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendant have or will produce in responses to Plaintiff's written discovery requests.

## X. PRAYER

**WHEREFORE**, Plaintiff Photon Interactive Services, Inc. respectfully requests that Defendant Deepak Sharma be cited to appear and answer and that Plaintiff has judgment against Defendant for actual damages to be proven at trial but at least $100,000, costs, pre and post judgment interest, attorneys' fees, declaratory relief as requested, and for all other relief to which Plaintiff may be entitled, at law or in equity, on its claims for Breach of Contract, Breach of Fiduciary Duty, Money Had and Received, and Declaratory Judgment.

Date: June  5, 2026                       Respectfully submitted,


                                          _/s/ Daniel O. Barham_____

                                          Daniel O. Barham
                                          Texas State Bar No.: 24133655
                                          Practus, LLP
                                          PO Box 217
                                          Arrington, TN 37014
                                          Tel: (615) 490-8888
                                          Email: dan.barham@practus.com



# PHOTON

November 16, 2021

Deepak Sharma,
423 Nicholas drive
Mountain View, CA 94043
USA

Dear Mr. Deepak Sharma,

Photon Interactive Services., (the "Company") is pleased to confirm the terms of its offer of employment to you. Your base location will be San Francisco.

1.   Position.  You will be employed as a Senior Vice President – Strategy Consulting & Pre Sales/ Customer Success (Job Band – SM2) reporting to Mr. Mukund Balasubramanian, Chief Technology Officer for Photon. You will be responsible for the following:

Strategy Consulting

- Owning the overall P&L for the unit
- Leading a team of consultants to execute on commitments
- Hiring and retention of talent
- Growing the unit as a division
- Ensuring consulting engagements move to Engineering

Pre Sales/Customer Success

- Leading a team of Pre Sales consultants who are the heart of the Sales Process
- Preparation of Proposals
- Create and maintain all Customer facing collateral
- Hiring and retention of talent
- RFP responses
- Coordination with other team members for estimates, creative input etc.
- Ownership for overall win-loss ratio

You agree that, while employed by the Company, you will devote your full-time efforts to your responsibilities and will not engage in any other activities that would conflict with the best interests of the Company.

2.   Compensation: Your total salary will be USD 400,000 per annum, less applicable withholding, payable in accordance with the Company's regular payroll policies. This would break into a base compensation of USD 320,000 per annum and a bonus component of USD 80,000 per annum (on plan) payable semi-annually. In addition, you will be granted, upon appropriate internal and board approvals, a stock grant of 100,000 options under the Employee Stock Option Plan of the Photon Group. The options will be vest as per the schedule set out in the Option Agreement.

PHOTON INFOTECH, INC.

12300 Ford Road, Ste B270,
Dallas, TX. 75234 – U.S.A
Tel: 1 (972) 243 3233

Version: January 06, 2021                                                      Initials O.S



**PHOTON**

3. <u>Employee Benefits</u>:  As an employee you will be eligible to the current benefits plan in the United States which includes comprehensive health, dental and vision coverage for the employee and a low cost add on for families. These and other benefits shall be offered as a part of the standard package and the employee is free to waive any part of this.

4. <u>At-Will Employment</u>:  You understand that your employment with the Company is at will and may be terminated by you or the Company at any time, with or without cause and without notice. However, the Company shall have the right in either case, to invoke a 30 days' notice period, which shall be used for transitioning of your responsibilities to a successor. Nothing in this agreement is intended to constitute an agreement for employment for a specific period of time. Notwithstanding the foregoing, you acknowledge that certain egregious conduct in connection with your employment may justify immediate termination of your employment with the Company.

5. <u>Termination for Cause</u>:  Notwithstanding any other provision of this Agreement, the Company may terminate Employee's employment under this Agreement without any further obligation or liability at any time for Cause.  Such termination shall be evidenced by written notice thereof to Employee, which notice shall specify in reasonable detail the cause for termination.  For purposes hereof, the term "Cause" shall include, without limitation, (i) dishonesty, embezzlement, theft, fraud or any other act of dishonesty involving the Company or any of its affiliates, customers, suppliers or business partners: (ii) conviction of, or a pleading of <u>nolo contendere</u> to, a felony or any other crime involving moral turpitude; (iii) the failure of Employee for any reason, within ten (10) days after receipt of Employee of written notice thereof from the Company, to correct, cease or otherwise alter any failure to comply with instructions or other action or omission to act which the Company believes does or may materially or adversely affect its business or operations; (iv) misconduct by Employee which is of such a serious and substantial nature that a reasonable likelihood exists that such misconduct will materially injure the reputation of the Company if Employee was to remain employed by the Company; (v) a material breach by Employee of this Agreement; or (vi) gross negligence relating to Employees' performance of his job responsibilities. In the event of a termination of the Employee for Cause, the Employee shall be offboarded from the Company's rolls with immediate effect and the Company, shall subject to extant regulations, be entitled to retain any payments due to the Employee till the adverse financial impact, if any, of the Employee's actions are ascertained.

6. <u>Applicable Law; Jurisdiction</u>:  This Agreement as well as the related Employment, Confidential Information, Invention Assignment and shall be governed by and construed and enforce in accordance with the laws of the State of Texas. Any action or proceeding arising from or relating to this Agreement shall be brought in the state courts located in Dallas County or in the federal courts located in the Northern District of Texas. Each Party hereby irrevocably consents to the exclusive jurisdiction and venue of such courts.

7. <u>Confidential Information Agreement</u>:  You will execute an Employment, Confidential Information, Invention Assignment.

 



**PHOTON**

8.  <u>Miscellaneous</u>:  Final employment by the Company is subject to your provision of eligibility for hiring as required by applicable Department of Homeland security regulations, valid work authorization, Clear background verification report, reference checks and salary verification.

Your start date will be on 29th November 2021.

**This offer of employment is valid through** 19 November, 2021.

**Very truly yours,**

_____

Hariprasad Ramakrishnan
EVP – Account Management

The foregoing offer of employment is accepted.

_____
Deepak Sharma

PHOTON INFOTECH, INC.

12300 Ford Road, Ste B270,
Dallas, TX. 75234 – U.S.A
Tel: 1 (972) 243 3233

Version: January 06, 2021                                                          Initials D.S

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dan Barham on behalf of Dan Barham
Bar No. 24133655
dan.barham@practus.com
Envelope ID: 115800557
Filing Code Description: Ody - Original Petition (OCA - New Case Filed)
Filing Description:
Status as of 6/8/2026 9:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dan Barham | | dan.barham@practus.com | 6/5/2026 1:48:35 PM | SENT |

# EXHIBIT C-2

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-26-04511-E
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**DEEPAK SHARMA**
**423 NICHOLAS DRIVE**
**MOUNTAIN VIEW CA  94043**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of  County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**PHOTON INTERACTIVE SERVICES, INC**
*Plaintiff(s)*

**VS.**

**DEEPAK SHARMA**
*Defendant(s)*

filed in said Court on the 5th day of June, 2026, a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 9th day of June, 2026 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ , Deputy
Guisla Hernandez



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

## CC-26-04511-E

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

PHOTON INTERACTIVE SERVICES,
INC, *Plaintiff(s)*

**VS.**

DEEPAK SHARMA, *Defendant(s)*

---

**SERVE:**
   **DEEPAK SHARMA**
   **423 NICHOLAS DRIVE**
   **MOUNTAIN VIEW CA  94043**

**ISSUED THIS**
**9TH DAY OF JUNE, 2026**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

PHOTON INTERACTIVE SERVICES, INC
4835 LYNDON B JOHNSON FWY
STE 540
DALLAS TX  75244

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-26-04511-E   County Court at Law No. 5

PHOTON INTERACTIVE SERVICES, INC vs. DEEPAK SHARMA

**ADDRESS FOR SERVICE:**
423 NICHOLAS DRIVE
MOUNTAIN VIEW CA  94043

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to DEEPAK SHARMA in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

**Name**                                **Date/Time**                        **Place, Course and Distance from Courthouse**

_____

_____

And not executed as to the defendant(s), _____ _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy        $_____        _____, Officer

Total    $_____                              _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT C-3

FILED
6/23/2026 1:03 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:26-cv-02306-E    Document 1    Filed 07/13/26    Page 31 of 37    PageID 31

Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | County Court at Law No. 5 Dallas County, Texas | |
|---|---|---|
| Plaintiff | PHOTON INTERACTIVE SERVICES INC. | Cause # CC-26-04511-E |
| Defendant(s) | Deepak Sharma | Came to Hand Date/Time 6/18/2026    7:21 PM |
| Manner of Service | Personal | Service Date/Time 6/18/2026    8:31 PM |
| Documents | Citation; Petition | Service Fee: $143.00 |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein. The following information is based on personal knowledge.

On **6/18/2026** at **8:31 PM**: I served **Citation, Petition** upon **Deepak Sharma** by delivering **1** true and correct copy(ies) thereof, with **Deepak Sharma, I delivered the documents to Deepak Sharma with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired Middle Eastern male contact 45-55 years of age, 5'8"-5'10" tall and weighing 160-180 lbs with an accent.** at **423 Nicholas Dr, Mountain View, CA 94043**.

**For photos and details, view this serve's complete EvidenceChain™ at https://www.evidencechain.com/3S3IDJ**

null
My address is: **Pob 2890, Sunnyvale, CA 94087**, USA.
My process server identification # is: **PS1799**. My Certification expires: **5/15/2028**.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in Santa Clara _____ county, CA.

_____
Howard Hill

06/19/2026
_____
Date Executed

Ref  **Photon CC-26-04511-E**



**0228477193**

**txefile@abclegal.com**



Practus LLP <dan.
barham@practus.com>

Tracking # **0228591559**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Dan Barham on behalf of Dan Barham
Bar No. 24133655
dan.barham@practus.com
Envelope ID: 116483755
Filing Code Description: Ody - Return Of Service
Filing Description: DEEPAK SHARMA
Status as of 6/24/2026 4:26 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dan Barham | | dan.barham@practus.com | 6/23/2026 1:03:58 PM | SENT |

# EXHIBIT D

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

Photon Interactive Services, Inc.
Plaintiff

v.

Deepak Sharma
Defendant

Civil Action No. _____

## CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT
(This form also satisfies Fed. R. Civ. P. 7.1)

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(4)(D), and LR 81.2,

Deepak Sharma

_____

provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):
*Please separate names with a comma. Only text visible within box will print.*

Photon Interactive Services, Inc. is not a publicly-traded corporation, and no publicly-traded corporation owns 10% or more of its stock.  The parent company of Photon Interactive Services, Inc. is North America Photon Infotech, Ltd.

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:
*Please separate names with a comma. Only text visible within box will print.*

None

| | |
|---|---|
| Date: | July 13, 2026 |
| Signature: | /s/ Ann Marie Arcadi |
| Print Name: | Ann Marie Arcadi |
| Bar Number: | 00786994 |
| Address: | 2911 Turtle Creek Blvd, #1100 |
| City, State, Zip: | Dallas, Texas 75219 |
| Telephone: | (214) 865-6458 |
| Fax: | (214) 865-6522 |
| E-Mail: | annmarie.arcadi@arcadijackson.c |

**NOTE:** To electronically file this document, you will find the event in our Case Management (CM/ECF) system, under Civil => Other Documents => Certificate of Interested Persons/Disclosure Statement.

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

PHOTO NINTERACTIVE SERVICES,
I NC.

    *Plaintiff*,

v.

DEEPAK SHARMA

    *Defendant*.

§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. _____

## DECLARATION OF DEEPAK SHARMA

STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

§
§
§

I, Deepak Sharma, declare as follows:

1.    My name is Deepak Sharma. I am over the age of twenty-one (21), of sound mind and body, and am competent to make this declaration. The statements of fact set forth in this declaration are true and correct and based upon my personal knowledge.

2.    I currently reside in and have maintained my permanent residence and home in Santa Clara County, California for several years, including during the term of my employment with Photon Interactive Services, Inc.

3.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2026.

Deepak Sharma

DECLARATION OF DEEPAK SHARMA